UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| ALDEN JOE DANIEL, JR., | ) | |
|---|---|---|
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Case No. 1:03-cv-426 |
| | ) | EDGAR |
| JACK MORGAN, Warden, and | ) | |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Respondents. | ) | |

## **MEMORANDUM AND ORDER**

Alden Joe Daniel, Jr. ("Daniel") brought this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. He was a state prisoner in the custody of the Tennessee Department of Corrections. On July 25, 2005, this Court entered a final judgment dismissing the § 2254 habeas petition with prejudice. [Doc. No. 22]. Daniel sought to pursue a direct appeal by making a motion for a certificate of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b)(1) but it was denied by the Court of Appeals for the Sixth Circuit on May 16, 2006. [Doc. No. 29]. Daniel next filed a petition for writ of certiorari which was denied by the Supreme Court of the United States on October 2, 2006. [Doc. No. 31].

There are two motions presently before this Court. On September 28, 2007, Daniel filed a *pro se* motion seeking to "re-open" the habeas proceeding on the ground of alleged fraud and he demands an evidentiary hearing. [Doc. No. 32]. The motion does not cite to any particular federal statute or rule of procedure.

1

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides: "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." In its discretion, the Court construes and treats Daniel's instant motion [Doc. No. 32] as a motion for relief from the July 25, 2005, final judgment [Doc. No. 22] made pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 60(b)(3) provides that on motion and upon such terms as are just, the Court may relieve a party from a final judgment for fraud, misrepresentation, or other misconduct of an adverse party.

Daniel indicates in his motion [Doc. No. 32, p. 27] that he has been released from imprisonment. He lists his current mailing address as 210 Prigmore Ridge Road, Decatur, Tennessee 37322. Daniel's present mailing address is not at a Tennessee state prison or correctional facility. It is not clear whether Daniel is currently in the custody of the State of Tennessee. Daniel cannot maintain a proceeding for post-conviction habeas relief under 28 U.S.C. § 2254 unless he is currently a state prisoner "in custody."

On October 10, 2007, Daniel moved for leave to amend, correct, and supplement his Rule 60(b)(3) motion. The motion to amend [Doc. No. 33] is **GRANTED**.

After reviewing the record, the Court concludes that Daniel's motion [Doc. No. 32] for relief from the judgment under Fed. R. Civ. P. 60(b)(3) must be denied on the ground that it has not been timely filed within the one-year time limit required by Rule 60(b). Rule 60(b) provides that a motion for relief under Rule 60(b)(3) must be filed not more than one year after the judgment. On July 25, 2005, this Court entered the final judgment dismissing the 28 U.S.C. § 2254 habeas petition. [Doc. No. 22]. Daniel filed his instant Rule 60(b)(3) motion for relief from the judgment [Doc. No.

32] on October 10, 2007, which is more than two years after entry of the judgment. Consequently, the Rule 60(b)(3) motion will be denied because it is time-barred. *Ohio Cas. Ins. Co. v. Pulliam*, 182 F.3d 918 (Table, text at 1999 WL 455336, * 3 (6th Cir. June 23, 1999)); *Williams v. United States*, 149 F.3d 1185 (Table, text at 1998 WL 384320, * 1 (6th Cir. June 18, 1998)); *Alexander v. Anderson*, 875 F.2d 861 (Table, text at 1989 WL 56186 (6th Cir. May 30, 1989)).

It appears that Daniel is aware of the one-year time limit provided in Rule 60(b). On page 27 of his motion [Doc. No. 32, p. 27], Daniel states: "Petitioner was last heard in October of 2006 in the United States Supreme Court and it has been less than one year from that date so the Motion/Petition is timely filed as fraud has never been fully presented." In other words, Daniel contends that his motion for relief from the judgment should be deemed as timely because he filed it within one year after the Supreme Court denied his petition for writ of certiorari.

Daniel is mistaken about when the one-year time limit commences to run. A Rule 60(b) motion for relief from a judgment can be filed while an appeal from that judgment is pending. Consequently, the one-year time limit for filing a Rule 60(b)(3) motion commences and runs from the date on which the judgment is entered by the District Court. The one-year time limit for Daniel to file his Rule 60(b)(3) motion is not extended or tolled while he seeks to appeal the judgment to the Court of Appeals for the Sixth Circuit and the United States Supreme Court. *Moore v. Member Data*, 1997 WL 133300, * 1 (6th Cir. March 21, 1997); *McDowell v. Dynamics Corporation of America*, 931 F.2d 380, 383 (6th Cir. 1991); *Hughley v. State of Tennessee*, 21 F.3d 427 (Table, text at 1994 WL 112870, * 2 (6th Cir. March 31, 1994)); *Quality Tech. Co. v. Stone & Webster Engineering Co.*, 7 F.3d 234 (Table, text at 1993 WL 375803, * 3 (6th Cir. Sept. 23, 1993)); *Monger v. United States*, 989 F.2d 500 (Table, text at 1993 WL 724464) (6th Cir. March 15, 1993); *Censke*

*v. Calhoun County Jail*, 2007 WL 2076448 (W.D. Mich. July 17, 2007); *Jones v. Gundy*, 100 F. Supp.2d 485, 489 (W.D. Mich. 2000); *accord The Tool Box, Inc. v. Ogden*, 419 F.3d 1084, 1088-89 (10th Cir. 2005); *Berwick Grain Co., Inc. v. Illinois Dept. of Agriculture*, 189 F.3d 556, 559 (7th Cir. 1999); *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989); 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil Procedure 2d § 2866 pp. 390-91 (1995).

Finally, Daniel contends there are some reasons that explain and account for why he did not file his motion for relief from judgment earlier. Daniel asserts that he discovered the alleged fraud after he was released from imprisonment in August 2007 and he was then able to review the records regarding his criminal case. On page 27 of his motion [Doc. No. 32, p. 27], Daniel states in part: "Petitioner was released from prison and at that time was able to review his file as via prison policy the petitioner was not allowed to keep his file in prison. Likewise the petitioner has been denied access to courts and internet law library so as to stop his pursuit of obtaining relief which can be shown by a hearing." Thus, Daniel requests that the Court hold an evidentiary hearing for the purpose of allowing him to show there may be good reasons why he delayed filing his instant motion for relief from judgment.

This argument fails. To the extent that Daniel may be presenting an argument in favor of either equitable tolling or an extension of the one-year time limit in Rule 60(b), the Court rejects it. The Court does not have the authority and discretion to enlarge or extend the one-year time limit in Rule 60(b) for any reason. Fed. R. Civ. P. 6(b); *Smith v. Secretary of Health and Human Services*, 776 F.2d 1330, 1332-33 (6th Cir. 1985); *see also Pulliam*, 1999 WL 455336, at * 3; *Crump v. Jamrog*, 2007 WL 2300736 (W.D. Mich. Aug. 7, 2007); *Censke*, 2007 WL 2076448.

Accordingly, Daniel's motion [Doc. No. 32] to "re-open" the habeas proceeding on the

4

ground of alleged fraud, which is construed and treated by the Court as a motion for relief from judgment under Fed. R. Civ. P. 60(b)(3), is **DENIED**.

SO ORDERED.

ENTER this the 29th day of October, 2007.

                                                 */s/ R. Allan Edgar*
                                                 R. ALLAN EDGAR
                                       UNITED STATES DISTRICT JUDGE